**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KRISTINE JONES-CECERE, Executrix of the Estate of Emily Jones, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br>-against-<br><br>ADVANCED COLLECTIONS, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | Civil Case No.:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, KRISTINE JONES-CECERE, Executrix of the Estate of Emily Jones, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendant, ADVANCED COLLECTIONS, INC., ("ADVANCED"), and JOHN DOES 1-25 ("Defendants") their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Bergen County, New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ADVANCED maintains an address for process of service at 30 Kennebec Street, Clifton, New Jersey 07013.

8. Upon information and belief, ADVANCED uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. ADVANCED is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who were sent initial communications from ADVANCED concerning a debt and/or obligation owed to another, which included the alleged conduct and practices described herein.

- The class definition may be subsequently modified or refined.
- The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* Exhibit B, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendant violated various provisions of the FDCPA including but not limited to:

    15 U.S.C. §§ 1692g *et seq.*, and 1692e *et seq*.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, it will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. On or before February 27, 2020, Emily Jones ("JONES") allegedly incurred a financial obligation.

16. The obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

17. The obligation arose out of a transaction, which was not for business purposes.

18. The obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. JONES died on May 10, 2029.

20. KRISTINE JONES-CECERE was appointed Executrix of the Estate of Emily Jones, *via* Letters Testamentary on December 30, 2019. *See*, Exhibit A.

21. On or before February 27, 2020, obligation was assigned to ADVANCED for the purpose of collection.

22. At the time the obligation was assigned to ADVANCED, said obligation was past due.

23. At the time the obligation was assigned to ADVANCED, said obligation was in default.

24. ADVANCED caused to be delivered a letter dated February 27, 2020, which was addressed to Emily Jones. A copy of said letter is annexed hereto as Exhibit B.

25. The February 27, 2020 letter was the initial communication from ADVANCED to Emily Jones.

26. The February 27, 2020 letter was sent in connection with the collection of obligation.

27. Upon receipt, Plaintiff read the February 27, 2020 letter.

28. The February 27, 2020 letter did not disclose who assigned the obligation to ADVANCED for the purpose of collection.

29. The February 27, 2020 letter stated in part:

>       RE: HUDSON DRUG OF CRESSKILL
>       SERVICE DATE: 03/07/19
>       REF#:
>       BALANCE:   $1,061.65

30. The February 27, 2020 letter did not disclose who assigned the obligation to ADVANCED for the purpose of collection.

31. The February 27, 2020 letter did not disclosed to whom the obligation is owed.

32. Plaintiff has no knowledge of identity of who assigned the obligation to ADVANCED for collection.

33. The February 27, 2020 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The February 27, 2020 letter is an "initial communication" as defined by 15 U.S.C. § 1692a(2).

35. Section 1692g(a)(2) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (2) The name of the creditor to whom the debt is owed.

36. Upon reading the February 27, 2020 letter, the least sophisticated consumer would be left unsure as to whom the debt/obligation is owed.

37. Upon reading the February 27, 2020 letter, the least sophisticated consumer would be left unsure as whether the debt/obligation was owed to: (1) ADVANCED; (2) the original creditor; or (3) to another some other entity.

38. ADVANCED knew or should have known that its actions violated the FDCPA.

ADVANCED could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## **POLICIES AND PRACTICES COMPLAINED OF**

34. It is ADVANCED's policy and practice to send written initial and subsequent collection communications, in the form annexed hereto as Exhibit C, which violate the FDCPA, by *inter alia*:

    (a) Failing to effectively provide the consumer with a proper notice pursuant to 15 U.S.C. §1692g(a)(2); and

    (b) Making a false representation and deceptive means to attempt to collect a debt.

35. On information and belief, ADVANCED sent written communications in the form annexed hereto as Exhibit C, to at least 40 natural persons in New Jersey with one year of this Complaint.

## **COUNT I**

### **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS**

36. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

37. Collection letters and/or notices, such as those sent by ADVANCED, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. The February 27, 2020 letter fails to inform the least sophisticated consumer the name of the creditor to whom the debt is owed.

39. The February 27, 2020 letter fails to properly inform Plaintiff who assigned the obligation to ADVANCED for the purpose of collection.

40. The least sophisticated consumer, upon reading the February 27, 2020 letter would be unsure as to whether ADVANCE is attempting to collect the debt on behalf of itself, the original creditor, or some other entity.

41. The least sophisticated consumer would be unsure as to who the "balance" as list in the February 27, 2020 letter, is actually owed to.

42. Section 1692g(a)(2) of the FDCPA requires to debt collector to:

> Within five days after the initial communication with a consumer in connection with the collection of any debt… send the consumer a written notice containing ---
>
> (2)   The name of the creditor to whom the debt is owed.

43. ADVANCED violated 1692g(a)(2) of the FDCPA by failing to clearly state in the February 27, 2020 letter to Plaintiff, to whom the debt is owed.

44. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representations or means in connection with the collection or attempted collection of a debt.

45. ADVANCED violated 1692e(10) of the FDCPA by stating in in the first paragraph of the February 27, 2020 letter: "PLEASE BE ADVISED THAT YOUR ACCOUNT HAS BEEN ASSIGNED TO A COLLECTION AGENCY..."

46. The least sophisticated consumer upon reading the February 27, 2020 letter, would be left unsure as whether the debt/obligation was owed to: (1) ADVANCED; (2) the original creditor; or (3) to another some other entity.  <u>At least one of these readings would be inaccurate</u>.

47. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

48. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

49. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

50. Plaintiff and others similarly situated were sent letters, and/or notices, which would have affected their decision-making with regard to the debt.

51. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

52. Plaintiff has suffered damages and other harm as a direct result of ADVANCED's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against ADVANCED as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: April 9, 2020

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004

(973) 227-5900 telephone  
(973) 244-0019 facsimile  
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*  
Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: April 9, 2020

*/s/ Joseph K. Jones*  
Joseph K. Jones, Esq.

# Exhibit A

| Docket No.: 2019-4327 | | Microfilm No.: |
|---|---|---|

# State of New Jersey
# Bergen County Surrogate's Court

In the matter of the Estate of:

**Emily W. Jones, Deceased**  }  **CERTIFIED COPY**
**LETTERS TESTAMENTARY**

I, **Michael R. Dressler**, Surrogate do hereby **certify** that the Last Will and Testament with codicils of the above named Decedent, late of the County of Bergen and State of New Jersey, was (were) admitted to Probate by the Surrogate's Court of the County of Bergen, on December 27, 2019, and that Letters Testamentary were issued to **Kristine A. Jones-Cecere** the Executor/rix(s) named therein, who is (are) duly authorized to take upon himself/herself/itself/themselves the administration of the estate of said testator agreeably to the said Will with codicils and said Letters Testamentary have never been revoked and still remain in full force and effect.

**DO NOT ACCEPT WITHOUT RAISED SEAL**



WITNESS my hand and seal of office on:

December 30, 2019

_Michael R. Dressler_

Michael R. Dressler, Surrogate

A41197   Page 1 of 1

# Exhibit B

```
                    ADVANCED COLLECTIONS, INC.
                           PO BOX 6031
                       CLIFTON, NJ  07015-6031
             Phone (973) 246-7044  -  Fax (973) 246-9167
```

February 27, 2020

RE: HUDSON DRUG OF CRESSKILL
SERVICE DATE: 03/07/19
REF #:

BALANCE:     $1,061.65

EMILY JONES

YOUR ID:
FOR: EMILY JONES

ATTN: EMILY JONES

PLEASE BE ADVISED THAT YOUR ACCOUNT HAS BEEN ASSIGNED TO A COLLECTION AGENCY, DUE TO ONE OF THE FOLLOWING REASONS: YOUR INSURANCE COMPANY DENIED YOUR BILL OR THE BALANCE IS YOUR DEDUCTIBLE OR COINSURANCE.

UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THE DEBT IS VALID.
IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL VERIFY THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU THE COPY OF SUCH VERIFICATION OR JUDGMENT.
IF YOU SO REQUEST IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

   YOU ARE DIRECTED TO ADDRESS ALL FUTURE CORRESPONDENCE AND PAYMENTS
   CONCERNING THIS ACCOUNT TO: ADVANCED COLLECTIONS, INC USING THE ENCLOSED
   COURTESY RETURN ENVELOPE OR CALL : 973-246-7044.
         ALL RETURNED CHECKS WILL BE ASSESSED A FEE OF $50.00

                                             PLEASE RESPOND
***************** PLEASE DETACH AND RETURN WITH YOUR PAYMENT ****************
         THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR
         AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
  Ensure that Advanced Collections is visible in the window of the envelope.
  If paying by check, please make checks payable to Advanced Collections, Inc
  and write your ID number in the memo line.


YOUR ID#

EMILY JONES
BALANCE   $1,061.65

                                           ADVANCED COLLECTIONS, INC.
                                           PO BOX 6031
                                           CLIFTON, NJ 07015-6031